**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Juan Jose Navarro v. The State of Texas

Appellate case number:    01-22-00325-CR

Trial court case number:   1686011

Trial court:                      339th District Court of Harris County

Appellant, Juan Jose Navarro, has filed a notice of appeal of his conviction of the felony offense of violation of a protective order. The reporter's record was filed in this Court on June 16, 2022 and the clerk's record was filed June 22, 2022. Appellant now asserts that he has been advised that State's Exhibit 6, "a DVD copy of the body worn camera footage from the night of the offense, was in operable [sic]."

Appellant requests that this Court abate this appeal to allow the trial court to determine whether the exhibit can "be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit." *See* TEX. R. APP. P. 34.6(f)(4).[1]

Accordingly, we abate the appeal and remand to the trial court to immediately conduct a hearing to determine:

(1)      If, without the appellant's fault, a significant exhibit has been lost or destroyed;

(2)      If the lost or destroyed exhibit is necessary to the appeal's resolution; and

(3)      If the lost or destroyed exhibit can be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

---

[1]    If, through no fault of the appellant, a reporter's record is lost or destroyed, and the portion of the record that is lost or destroyed is necessary to the appeal's resolution and cannot be replaced by the parties' agreement, the appellant is entitled to a new trial. TEX. R. APP. P. 34.6(f). However, if the missing portion of a reporter's record is not necessary to the appeal's resolution—and the appellant therefore is not harmed—the appellant is not entitled to a new trial. *See id.* 34.6(f)(3); *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *Coulter v. State*, No. 01-15-00018-CR, 2016 WL 7369197, at * 3–4 (Tex. App.—Houston [1st Dist.] Dec. 15, 2016, no pet.) (citations omitted).

*See* TEX. R. APP. P. 34.6(f). The trial court is directed to make written findings of fact, conclusions of law, and recommendations on these issues, separate and apart from any docket sheet notations.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings with the Clerk of this Court within 30 days of the date of this order. The court reporter is directed to file a reporter's record of the hearing within 30 days of the date of this order.

We **grant** appellant's motion. The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
                              Acting individually


Date:  August 30, 2022